UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| KHALIL COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:23-00033-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WAYNE COUNTY DETENTION CENTER, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Khalil Coleman is an inmate confined at the Wayne County Detention Center ("WCDC"). Coleman has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1.] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court must review Coleman's Complaint prior to service of process and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage of the case, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In April 2022, Coleman was found guilty of First Degree Robbery in the Circuit Court of Kenton County, Kentucky. In August 2022 Coleman was sentenced to 10 years imprisonment.[1] Coleman filed this action in February 2023, complaining that beginning in April 2022 various

---

[1] *See Commonwealth v. Coleman*, No. 21-CR-0294-1 (Kenton Cir. Ct. 2021).

conditions of his confinement at four different county jails violated his constitutional rights. Coleman filed his Complaint in the United States District Court for the Western District of Kentucky. *See Coleman v. Kenton Co. Det. Ctr.*, No 3:23-CV-P86-GNS (W.D. Ky. 2023). Upon initial review the Western District concluded that Coleman's claims against each of the four jails and the Kentucky Department of Corrections belonged in separate suits, and ordered the matters severed into five distinct cases. It further concluded that the proper venue for three of the severed matters was in this District and transferred each of them to this Court pursuant to 28 U.S.C. § 1406(a). [*See* R. 4.]

This case encompasses only Coleman's claims arising out of his confinement at WCDC. [*See* R. 4 at 3 ¶ 3.] Coleman alleges that he was transferred to WCDC in January 2023. Coleman complains that the law library at WCDC is insufficient and lacks certain resources regarding specific sources of law. Apart from this discrete allegation, Coleman's Complaint devolves into a series of broad and conclusory allegations:

> I have face serious discrimination practices with my ability to access court, represent my pro se, intimidation from request and grievance, frivolous transfers, lost of thousands of dollars in expenses, delay in legal affairs, inability to make stronger legal arguments because of lost evidence / affidavits, inability to study laws, false reporting on time of staff responses . . . I have been subjected to inhumane conditions, mold in walls, cold shower water, freezing temperatures, harsh punishments, harassment and discrimination, denial of due process as a constitutional fundamental right.

[R. 1 at 4-5.] Coleman does not clearly indicate at which facility these events occurred or conditions persist nor identify any person involved in the asserted violation of his constitutional rights. Coleman names WCDC as the Defendant in the caption to his Complaint, [*see* R.1 at 1], but later names Jailer Ronnie Ellis in his official capacity as the Defendant. [*See* R. 1 at 2.][2]

---

[2] These conflicting identifications of the Defendant are repeated in the summons tendered by Coleman. [*See* R. 1-1 at 9.]

2

Coleman seeks monetary damages as well as an injunction "enforcing law library; 45 day transfer to DOC" and "request change legislative DOC policies." *Id*. at 6.

For purposes of discussion the Court assumes that, as required by federal law, Coleman exhausted his administrative remedies with respect to his claims by filing appropriate inmate grievances and pursuing all available appeals. *See* 42 U.S.C. § 1997e(a). Regardless, the Court concludes that Coleman's Complaint must be dismissed with prejudice. At the outset, Coleman has not named a viable defendant. The caption of Coleman's Complaint lists WCDC as the Defendant. [R. 1 at 1.] But a county jail or detention center is just a building operated by an administrative department; it is not an independent legal entity that may be sued. *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (holding county jail is a "department of the county" and "not a legal entity susceptible to suit"); *Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (*citing Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)) (holding that the Shelby County Jail is not subject to suit under § 1983).

Because Coleman proceeds without counsel, the Court will liberally construe his claims against the detention center as against Wayne County itself. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *Whittle v. Floyd*, 202 F.3d 271, at *1 n.1 (6th Cir. 1999) (unpublished table decision) (claims against the county fiscal court amount to claims against the county itself) (citations omitted). This is particularly appropriate in this case because in another part of his Complaint Coleman lists Jailer Ellis in his official capacity as the Defendant. An official capacity claim against a person employed by a city or county seeks to hold the city or county that employs the officer liable where a policy or custom created by that municipality caused the deprivation of a federal

3

right.  *Cady v. Arenac Co.*, 574 F. 3d 334, 342 (6th Cir. 2009).  Therefore, Coleman's claims are best considered as asserted against Wayne County, Kentucky.

A municipality or county government is only liable under Section 1983 when its employees cause injury by carrying out the county's formal policies or informal practices. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978).  To state a claim against such a government entity, a plaintiff must identify in his complaint the specific policy or custom which he alleges caused his injury.  *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010).  Here, Coleman does not set forth facts indicating that such a policy exists nor identify with particularity that county policy or custom.  He therefore fails to state a claim for relief against the county.  *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  The Complaint therefore fails to state a claim against any named defendant and will be dismissed with prejudice upon that ground.  *See Bright v. Gallia Cnty.*, 753 F. 3d 639, 660 (6th Cir. 2014); *Watson v. Gill*, 40 F. App'x 88, 90 (6th Cir. 2002).

The Court notes parenthetically that Coleman's Complaint would be subject to dismissal on other grounds.  As noted above Coleman's allegations are by and large broad, conclusory, and not directed toward any of the five defendants originally named.  The Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Simply labeling the defendants' actions—whatever they might have been—as "negligent" or "discriminatory" deprives the defendants of notice of the conduct complained of, a notice to which they are entitled.  Because

the Complaint does not provide any factual basis for the claims asserted, it must be dismissed for failure to state a claim. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."); *see also Kamppi v. Ghee*, 208 F.3d 213, at *1 (6th Cir. 2000) (unpublished table decision) ("Thus, the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.").

Coleman does provide some specific facts regarding the claim that the law library is not sufficient. But these allegations, which the Court construes as claim regarding his access to the courts, fail to state a claim for several reasons. The right of access to the courts guaranteed by the First Amendment "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the concern is "a right of access to the courts, not necessarily to a prison law library." *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Therefore, "because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Instead, to establish a claim that the jail has interfered with his right of access to the courts, a prisoner must show actual injury to a nonfrivolous claim. *Id*. at 353-55. Coleman's Complaint says nothing about the underlying facts or claims which he alleges he was prevented from asserting. As the Supreme Court has explained:

> Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to

5

> provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong.  However unsettled the basis of the constitutional right of access to courts, our cases rest on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court. . . . [T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.

*Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002).  Because Coleman made no allegations about the underlying claims he wished to assert in his post-judgment motion, including both their factual basis and legal grounds, his Complaint fails to state a claim upon which relief may be granted.  *See Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) ("Essentially, a claim for denial of access to the courts has unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost.").

Finally, while Coleman alleges that he was impeded in his efforts to file a post-conviction motion under RCr 60.02, he was represented by court-appointed counsel when he filed that motion.  Coleman filed his motion for relief from the judgment in late August 2022, but his appointed attorney was not granted leave to withdraw from the case until January 30, 2023.  Because Coleman was represented by counsel, his right of access to the courts was satisfied as a matter of law.  *Cf. Holt v. Pitts*, 702 F. 2d 639, 640 (6th Cir. 1983) ("It is clear that counsel was appointed to represent him in both federal and state actions pending against him.  As a matter of law, therefore, the state fulfilled its constitutional obligation to provide him with full access to the courts."); *Clark v. Johnston*, 413 F. App'x 804, 812 (6th Cir. 2011); *accord Smith v. Hutchins*, 426 F. App'x 785, 788 (11th Cir. 2011) ("... a criminal defendant who seeks to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel.") (collecting cases).

For each of these reasons, the Court will dismiss the Complaint in this action with prejudice.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff Khalil Coleman's Complaint **[R. 1]** is **DISMISSED** with prejudice.

2. The Court will enter a corresponding Judgment.

3. This action is **STRICKEN** from the Court's docket.

This the 10th day of March 2023.

Gregory F. Van Tatenhove
United States District Judge